## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

### MISCELLANEOUS ACTION NO. 3:06MC-P5-H

**MICHAEL DALE ST. CLAIR**                                                                       **PLAINTIFF**

**v.**

**JUDGE JANET COLEMAN**                                                                     **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Michael Dale St. Clair, an inmate at the Kentucky State Penitentiary, filed a *pro se* criminal complaint against Judge Janet Coleman alleging violations of 18 U.S.C. § 241 (conspiracy against rights) and 18 U.S.C. § 242 (deprivation of rights under color of law). The Clerk of Court issued a deficiency notice advising St. Clair either to pay the filing fee or to file an application to proceed without prepayment of fees (DN 3). In response, St. Clair filed an application to proceed without prepayment of fees (DN 6), which the Court has granted by separate order, and he also filed a letter. In the letter, St. Clair asked this Court to forward this case to the federal prosecutor, where he intended the criminal complaint to go (DN 4).

The Court initially notes that the Clerk of Court, as a courtesy, has already forwarded a copy of the criminal complaint to the United States Attorney. Although the Clerk has forwarded a copy of the criminal complaint, this Court cannot and will not forward the instant action.

While St. Clair's intention in his letter is unclear, it appears that he may be seeking to voluntarily dismiss the instant action in this Court. To the extent he is making such a request, that request will be granted by separate order.

To the extent St. Clair does not wish to voluntarily dismiss the action, this Court must dismiss the action *sua sponte* because the "[a]uthority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case.");*Williams v. Luttrell*, No. 03-5950, 2004 WL 1193955, at *2 (6th Cir. May 27, 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts."); *Saro v. Brown*, No. 00-5384, 2001 WL 278284, at *1 (6th Cir. Mar. 15, 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). As St. Clair cannot initiate a criminal action in this Court, the criminal complaint against Judge Janet Coleman will be dismissed by separate order as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court will enter an order consistent with this memorandum opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendant
        Attorney General, Commonwealth of Kentucky
        United States Attorney
4412.005